UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD TUTTLE,

                    Plaintiff,                                    Case # 18-CV-6571-FPG

      -v-                                              DECISION AND ORDER

AGENT FRANCIS ZABAWA, et al.,

                    Defendants.

## INTRODUCTION

On June 26, 2019, *pro se* Plaintiff Ronald Tuttle moved for reconsideration of this Court's prior order, ECF No. 42, which dismissed the Amended Complaint, ECF No. 39, without prejudice. ECF No. 44. Plaintiff also filed a notice of appeal. ECF No. 45. For the reasons below, Plaintiff's Motion is denied.

## DISCUSSION

On August 9, 2018, Plaintiff filed a complaint alleging, in short, that Defendant Francis Zabawa, a Special Agent for the Federal Bureau of Investigations, falsified a search warrant and caused Plaintiff to be arrested without probable cause, and Defendant Jeffrey Ciccone, an Assistant Federal Public Defender who represented Plaintiff in his criminal case, provided ineffective assistance of counsel to Plaintiff. ECF No. 1. Plaintiff was permitted to amend his Complaint and directed to show why his claims were not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). [1] ECF No. 42.

---

[1] *Heck* requires that a plaintiff seeking relief under 42 U.S.C. § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . must prove" that the conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. If a judgment in favor of the § 1983 plaintiff "would necessarily imply the invalidity of his conviction . . . the complaint must be dismissed." *Id.* at 487; *see also Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order). The same is true under *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109,

Plaintiff filed an amended complaint arguing that he was and continues to be wrongly incarcerated. ECF No. 39. The Amended Complaint was dismissed, without prejudice, as barred by *Heck*. ECF No. 42.

Plaintiff now moves for reconsideration, arguing that he had called his conviction into question as required by *Heck* by filing a petition for a writ of habeas corpus. ECF No. 44. The Court construes Plaintiff's Motion as one under Federal Rule of Civil Procedure 60(b), which permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding due to (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Amerisure Ins. Co. v. Laserage Tech. Corp.*, No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998).

Motions for reconsideration may not, however, be used to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. *See Duane v. Spaulding & Rogers Mfg. Inc.*, No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994). After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." *Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist.*, No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

Plaintiff alleges that the prior Order was erroneous because Plaintiff has called his conviction into question by filing a petition for a writ of habeas corpus. ECF No. 44 at 2. But a "plaintiff must have had such conviction or sentence reversed, expunged, declared invalid or called

---

110 (2d Cir. 1995) ("Given the similarity between suits under § 1983 and *Bivens*, we conclude that *Heck* should apply to *Bivens* actions as well.").

into question by the **grant** of a habeas petition." *Blake v. Coughlin*, 205 F.3d 1321 (2d Cir. 2000). In other words, to satisfy *Heck*, it is not enough to file a petition; the petition must succeed. Here, Plaintiff's attempt to vacate his conviction was denied. *See* Case Number 13-CR-6109, ECF No. 178.

The Court finds no cause to revisit its previous Order. Plaintiff has not persuasively demonstrated any of the three circumstances under which reconsideration may be warranted. *See Virgin Atl. Airways*, 956 F.2d at 1255. Consequently, Plaintiff's Motion is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 44, is DENIED. Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: August 26, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court